**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **THOMAS HAMMONDS,**<br><br>**Plaintiff,**<br>**vs.**<br>**CHRISTOPHER UNIT SCHOOL DISTRICT #99, TEAMSTERS, AUTOMOTIVE, PETROLEUM AND ALLIED TRADES LOCAL UNION NO. 50, KASHIA B. COOK, RICHARD TOWERS, GARY JOE ANDERTON, SCHUYLER STEPHENSS, JEREMY BRADLEY, RUSSELL HOBBS, JARED FOUREZ, SARAH WILSON, RACHAEL JANELLO,**<br><br>**Defendants.** | ) | **Case No. 3:25-cv-01940-GCS** |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

INTRODUCTION

Before the Court are two Motions to Dismiss Plaintiff's Complaint. The first, filed on January 7, 2026, is from Teamsters, Automotive, Petroleum, and Allied Trades Local Union No. 50 ("Defendant Union"). (Doc. 28, 29). The second, filed on January 12, 2026, is from Defendants Christopher Unit School District #99, Kashia Cook[1], Gary Joe Anderton, Schuyler Stephens, Jeremy Bradley, Sarah Wilson, Racheal Janello, Russell Hobbs, and Jared Fourez (collectively, "District Defendants").[2] (Doc. 33, 34). Plaintiff

---

[1] Plaintiff's Complaint erroneously names this Defendant as Kishai Cook.

[2] District Defendants correctly noted that Plaintiff improperly named several District administrators and board of education members as individual defendants

Hammonds responded to both motions on January 14, 2026, and January 23, 2026. (Doc. 35, 40). For the reasons explained below, the Court **DISMISSES** Count I and Count II for lack of subject-matter jurisdiction and **DISMISSES** Count III without prejudice for failure to state a claim.

Plaintiff filed suit in this Court on October 21, 2025. (Doc. 1). Plaintiff alleges in Count I that District Defendants breached the terms of the applicable collective bargaining agreement by terminating Plaintiff's employment without an act which warrants termination. (Doc. 1, p. 4). Plaintiff alleges in Count II that Defendant Union breached the duty of fair representation by failing to follow the grievance procedure after Plaintiff's alleged wrongful termination. (Doc. 1, p. 5-6). Count I and II are brought under the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Doc 1, p. 1). District Defendants move to dismiss Counts I and II for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. (Doc. 33, p. 1; Doc. 34, p. 2). Defendant Union moved to dismiss Counts I and II for failure to state a claim upon which relief may be granted. (Doc. 28, p. 1; Doc. 29, p. 3-4). Plaintiff concedes the Court has no subject-matter jurisdiction under the LMRA. (Doc. 35, p. 2; Doc. 40, p. 2).

Count III alleges District Defendants retaliated against Plaintiff for the exercise of his First Amendment rights based upon his union affiliation. (Doc. 1, p 7-9). District

without specifying whether the claims are brought against the individuals in their personal or official capacity. For purposes of this order, the Court will address the claims as though the Plaintiff had named the individual defendants and the Board of Education, in the interest of judicial economy.

Defendants moved to dismiss Count III for failure to state a claim on which relief may be granted. (Doc. 34, p. 7-9). Plaintiff opposes dismissal of Count III and asserts he has pled sufficient facts to state a claim for First Amendment retaliation. (Doc. 40, p. 2-5).

## FACTUAL BACKGROUND

Plaintiff worked as a school bus driver for District Defendants from August 10, 2014, to May 23, 2025. (Doc. 1, p. 3). Plaintiff was a member of Defendant Union. *Id.* at p. 2. There was a collective bargaining agreement between the District Defendants and Defendant Union which entitled Plaintiff to certain protections, privileges, duties, and benefits. *Id.* at p. 3.

The incident giving rise to this case occurred on April 29, 2025. On that date, Plaintiff completed his bus route but did not return his bus to the garage. (Doc. 34, p. 3). Instead, Plaintiff picked up students and drove them to another destination without District approval or parental consent. (Doc. 1, p. 3, 8; Doc. 34, p. 3). The District Defendants voted to terminate Plaintiff on May 23, 2025. (Doc. 34, p. 4). Defendant Union initiated a grievance regarding Plaintiff's termination but chose not to pursue the grievance beyond the initial stages of the procedure set forth in the collective bargaining agreement. *Id.* at p. 4.

## LEGAL STANDARDS

### A. Motions to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations in the complaint as true. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (citation omitted). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *See Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

"A claim has facial plausibility when the plaintiff pleads actual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). A complaint need not contain detailed factual allegations, but allegations that state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" are not entitled to the assumption of truth.

**B. Subject-Matter Jurisdiction**

This Court has subject-matter jurisdiction over a case brought under the LMRA pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. A party may move to dismiss a claim for lack of subject-matter jurisdiction. *See* FED. R. CIV. PROC. 12(b)(1). Once the issue is raised, the burden is on the non-moving party to prove that the Court has subject-matter jurisdiction over his claims by submitting relevant evidence to resolve the factual dispute regarding the Court's jurisdiction. *See Kontos v. U.S. Dept. of Labor,* 826 F.2d 573, 576 (7th Cir. 1987) (citing *Western Transp. Co. v. Couzens Warehouse & Distributors, Inc.*, 695 F.2d 1033, 1038 (7th Cir. 1982)); *Crawford v. United States,* 796 F.2d 924, 927 (7th Cir. 1986).

Federal courts have limited jurisdiction and must address jurisdictional issues even if the parties do not raise them. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Because subject-matter jurisdiction goes to the Court's power to hear a case, it cannot be waived or forfeited. *See United States v. Cotton*, 535 U.S. 625, 630 (2002).

**C. First Amendment Retaliation**

Public employees retain First Amendment rights against retaliatory termination for protected speech and associational activities. *See Pickering v. Board of Education*, 391 U.S. 563, 574-575 (1968). Protected union activities include advocacy and persuasion in organizing the union and enlarging its membership. *See Hanover Tp. Federation of Teachers, Local 1954 (AFL-CIO) v. Hanover Community School Corp.*, 457 F.2d 456, 460 (7th Cir. 1972). It does not follow, however, that all activities of a union or its membership are constitutionally protected. *Id.*

To determine whether the speech or activity is protected under the First Amendment, courts must first determine whether the employee spoke as a citizen upon matters of public concern. *See Connick v. Myers*, 461 U.S. 138, 142-154 (1983); *Pickering*, 391 U.S. at 588. The court must then balance the employee's interest in commenting upon such matters and the employer's interest in efficient public service. *See Connick*, 461 U.S. at 138; *Pickering*, 391 U.S. at 588. The Seventh Circuit has applied the *Pickering-Connick* framework to hybrid claims involving both free speech and freedom of association. *See Gregorich v. Lund*, 54 F.3d 410, 414 and 414 n.4 (7th Cir. 1995).[3]

To make out a *prima facie* case for First Amendment retaliation, Plaintiff must establish that: (1) he was engaged in constitutionally protected activities; (2) he suffered a deprivation likely to deter associational activity; and (3) the First Amendment activity was a motivating factor in the employer's decision. *See Redd v. Nolan*, 663 F.3d 287, 294 (7th Cir. 2011). While making out a *prima facia* case is an evidentiary matter rather than a pleading standard, the requirements of a *prima facie* case guide the Court in determining whether Plaintiff has stated a claim. *See Wheeler v. Piazza*, Case No. 16-cv-3861, 2018 WL 835353, at *3 (N.D. Ill. Feb. 13, 2018) (citing *Sroga v. Preckwinkle*, No. 14 C 06594, 2017 WL 345549, at *3 (N.D. Ill. Jan. 24, 2017)). The parties do not dispute that Plaintiff's

---

[3] The *Pickering-Connick* framework may not be appropriate for purely associational claims because *Connick's* public concern test grew out of a claim related to protected speech rather than a claim based purely on protected association. *See Balton v. City of Milwaukee,* 133 F.3d 1036, 1040-41 (7th Cir. 1998) (Cudahy, J., concurring); *Sroga v. Preckwinkle*, No. 14 C 06594, 2017 WL 345549, at *3, n.4 (N.D. Ill. Jan. 24, 2017).

termination was likely to deter associational activity. Thus, only the first and third elements of Plaintiff's *prima facie* claim are at issue here.

## Discussion

### A. Labor-Management Relations Act Claims

Whether District Defendants are an employer for purposes of the LMRA is a jurisdictional question. *See Strasburger v. Board of Education, Hardin County Community Unit School District No. 1,* 143 F.3d 351, 359-360 (7th Cir. 1998). *See also Ayres v. International Brotherhood of Electrical Workers*, 666 F.2d 441, 444 (9th Cir.1982) (affirming dismissal for lack of subject-matter jurisdiction because section 301(a) does not confer jurisdiction over claims brought against a political subdivision); *Crilly v. Southeastern Pennsylvania Transp. Authority*, 529 F.2d 1355, 1363 (3rd Cir. 1976) (same result). Accordingly, the Court addresses this matter as a jurisdictional issue as opposed to whether Plaintiff has stated a claim.

Section 301 of the LMRA establishes federal jurisdiction for suits involving breach of collective bargaining agreements between an employer and a labor organization representing employees in an industry affecting commerce. *See Strasburger,* 143 F.3d at 359-360. To determine whether an entity qualifies as an employer for purposes of § 301, the LMRA directs courts to 29 U.S.C § 142(3), which states the terms "employer" and "labor organization" carry the same meaning as in Subchapter II of Chapter 7. Subchapter II is the National Labor Relations Act ("NLRA"), and its definitions appear in 29 U.S.C. § 152. Under 29 U.S.C. § 152(2), the term "employer" shall not include the United States or

any State or political subdivision thereof or any labor organization (other than when acting as an employer).

Plaintiff does not contest that District Defendants qualify as a political subdivision and therefore cannot be an employer. (Doc. 40, p. 2); *Strasburger,* 143 F.3d at 359. Plaintiff also acknowledges that, because District Defendants are not an employer under the LMRA, his claim against Defendant Union cannot proceed. (Doc. 35, p. 2). Therefore, Counts I and II fall outside the scope of Section 301 of the LMRA and the Court lacks subject-matter jurisdiction to hear them.

**B. Dismissal for Lack of Jurisdiction is Not Dismissal with Prejudice**

The Court now turns to whether Counts I and II should be dismissed with or without prejudice. Plaintiff would not oppose an order of dismissal without prejudice. (Doc. 40). The Seventh Circuit has made clear that a dismissal for lack of jurisdiction is not a dismissal with prejudice. "A suit dismissed for lack of jurisdiction cannot also be dismissed 'with prejudice' [because] that is a disposition on the merits, which only a court with jurisdiction may render." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). *See also Johnson v. Wattenbarger,* 361 F.3d 991, 993 (7th Cir. 2004) (noting that where a court lacks subject-matter jurisdiction over a claim, "the court must not resolve any aspect of it on the merits."). Dismissal of a claim for lack of jurisdiction is final as to jurisdiction, but it says nothing of the merits of the claim. *See Frederiksen*, 384 F.3d at 438. The Court dismisses Counts I and II for lack of jurisdiction without reaching the merits of either claim.

**C. First Amendment Retaliation**

To state a claim of retaliation in violation of the First Amendment, Plaintiff must plausibly allege that his union membership was constitutionally protected activity and that it was a substantial or motivating factor in the District Defendants' decision to terminate Plaintiff's employment. *See Redd*, 663 F.3d at 294. Plaintiff's complaint does not plead sufficient factual material to meet this threshold. Plaintiff alleges only that he was the sole union employee working for the school district, that he served as a union steward, and that his union membership was an "irritant" to Defendants.[4] (Doc. 1, p. 7-8). Plaintiff then states that District Defendant used Plaintiff's conduct as a pretext to retaliate against him. (Doc. 1, p. 8). In response to District Defendants' Motion to Dismiss, Plaintiff stated that "this Court should not require that more facts be pled because it is impossible for Plaintiff to read the minds of the Defendants." (Doc. 40, p. 3). Plaintiff is not required to read Defendants' minds. Nonetheless, Plaintiff must plead sufficient facts to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555; *Brockett v. Effingham County, Illinois*, 116 F.4th 680, 684-685 (7th Cir. 2024). Absent additional information concerning Plaintiff's union membership and activities and/or the relationship between the union and the school board, his claim that he was terminated in

[4] District Defendants dispute Plaintiff's allegation that he was the only district employee that was a member of Defendant Union in stating the following: "[n]early all of the District's full[-]time employees are unionized – including the District's teachers and education support personnel." (Doc. 34, p. 8). However, at the motion to dismiss stage, the Court must accept Plaintiff's allegations as true.

retaliation for union membership remains speculative. Count III must be dismissed for failure to state a claim.

**D. *Monell* Liability**

Plaintiff's response to the District Defendants' Motion to Dismiss asserts that the complaint adequately states a *Monell* claim against the school board. (Doc. 40, p. 6). *Monell* liability applies to municipalities rather than to individuals, and as noted above, the school board is not a defendant in this lawsuit. It follows that Plaintiff has failed to state a claim against the municipality -- he has not sued the municipality. But even if Plaintiff had sued the correct entity, he has failed to state a claim because his complaint does not allege the existence of an official practice or policy, let alone that any such policy or practice caused Plaintiff's termination. The existence of a policy, practice, or custom is essential to *Monell* liability. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Where a plaintiff fails to allege a policy, practice, or custom, *Monell* liability does not attach. Because there is no basis for the Court to conclude that Plaintiff may be entitled to relief for First Amendment retaliation under *Monell* or otherwise, the Court dismisses Count III.

**E. Qualified Immunity**

The Court has dismissed all three counts in the Complaint so it does not reach the question of qualified immunity.

**F. It is not Clear that Plaintiff Sued the Proper Parties**

It appears that Plaintiff has not filed suit against the proper parties in this case. First, Plaintiff named Christopher Unit School District #99 in his complaint. (Doc. 1, p.1). In Illinois, however, school districts lack the capacity to sue or be sued. *See, e.g.*, 105 ILL. COMP. STAT. § 5/10-2 (stating that "[t]he directors of each district shall be a body politic and corporate, by the name of 'school directors of district No. ……., county of ……. and State of Illinois,' and by that name may sue and be sued in all courts and places where judicial proceedings are had."). *See also Medina as next friend for N.M. v. Izquierdo*, 594 F. Supp. 3d 1045, 1063 (N.D. Ill. 2022) (collecting cases and dismissing Section 1983 claim against school district because school board was appropriate entity to be sued).

Plaintiff also sued several individuals who, according to the complaint, work for the school board or are members of the school board. (Doc. 1, p. 2). The Court is unable to ascertain whether these individuals were sued in their official or individual capacities. If they were sued in their official capacities, then they are redundant parties to the school board. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (suing government officials in their official capacity "represents only another way of pleading an action against an entity of which an officer is an agent"); *Chandler v. Board of Educ. of City of Chicago*, 92 F. Supp. 2d 760, 764 (N.D. Ill. 2000) (dismissing complaint against members of school board in official capacities as redundant).

## CONCLUSION

For the reasons explained above, the Court **GRANTS** District Defendants' Motion to Dismiss. The Court **DISMISSES** Counts I and II for lack of subject-matter jurisdiction. The Court also **DISMISSES** Count 3 for failure to state a claim upon which relief can be granted. The Court finds Defendant Union's Motion **MOOT** in light of its conclusion that it lacks jurisdiction over Counts I and II of the Complaint. The Court grants Plaintiff leave to file an amended complaint within 30 days of this Order.

**IT IS SO ORDERED.**

**DATED: September 29, 2026.**

Digitally signed by Judge Sison
Date: 2026.09.29 13:49:29 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**